UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

DONALD SYLVAS                                         CIVIL ACTION

VERSUS                                               NO. 26-104

DEP'T. OF CORRECTIONS, ET AL.                  SECTION "B" (2)

## ORDER AND REASONS

Plaintiff Donald Sylvas is incarcerated in the River Bend Detention Center ("RBDC") in Lake Providence, Louisiana. ECF No. 5, ¶II, at 3. Sylvas filed this *pro se* complaint under 42 U.S.C. § 1983 against defendants Department of Corrections, Instructor Johnson, David Faryox, Toney Edwards, Wydette Williams, Wiley Jeremy, and Johnny Hedgemon, located in Harrinsonburg and Lake Providence, Louisiana. *Id*. at 1, ¶III(B)-(G), at 5. Sylvas filed the complaint challenging the terms of his confinement while in the custody of RBDC. *Id*. at 5-6.

Sylvas also submitted an application to proceed *in forma pauperis* in this case. ECF No. 6. In light of the decision to transfer this matter, ruling on the pauper application is deferred to the receiving court for consideration.

## I.    VENUE PROVISIONS

Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391.[1] The general venue statute at 28 U.S.C. § 1391(b) provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be

---

[1] *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973).

brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The provisions of 28 U.S.C. § 1404 and § 1406 allow a court to transfer a case from a district in which venue is wrong to another district or division in which venue is proper, when transfer is in the interest of justice.[2]  The transfer provisions "'should be regarded as a federal judicial housekeeping measure, dealing with the placement of litigation in the federal courts and generally intended, on the basis of convenience and fairness, simply to authorize a change of courtrooms.'"[3]  Some of the interests of justice to be weighed by a transferring court include "the cost and ease of litigation," "the interest in having a case involving local disputes and local law resolved by a local court," and the facilitation of judicial economy and avoidance of duplicitous litigation.[4]  A court's transfer inquiry requires an "individualized, case-by-case consideration of convenience and fairness."[5]

## II.    **<u>DISCUSSION</u>**

Sylvas has presented no basis for this matter to proceed in the Eastern District of Louisiana rather than the Western District of Louisiana. The events complained about took place at RBDC where Sylvas is currently housed in Lake Providence, Louisiana, which is located in East Carroll Parish. ECF No. 5, ¶II, at 3. The named defendants are all located in East Carroll and Catahoula Parishes.  *Id*. at 1, ¶III(B)-(G), at 5. East Carroll and Catahoula Parishes falls within the geographical boundaries of the United States District Court for the Western District of Louisiana.

---

[2] *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998).
[3] *In re Rolls Royce Corp.*, 775 F.3d 671, 677 (5th Cir. 2014).
[4] *Id*. at 677-78 (citing *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. W.D. Tex.*, 571 U.S. 49, 62 n.6 (2013)).
[5] *Id*. at 678.

28 U.S.C. § 98(c). The interests of justice and fairness to the parties dictate that venue is appropriate in the Western District of Louisiana. Accordingly,

**IT IS ORDERED** that this case is **TRANSFERRED** to the United States District Court for the Western District of Louisiana.

**IT IS FURTHER ORDERED** that determination of pauper status is **DEFERRED** to the United States District Court for the Western District of Louisiana.

New Orleans, Louisiana, this _13th_ day of March, 2026.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE